CLARENCE E. McMANUS, Judge.
 

 \ STATEMENT of the case
 

 On August 8, 2006, David Guthrie and Derek Breaux were involved in an automobile accident. Guthrie was driving a 1997 Freightliner owned by his employer, United Parcel Service. At the time of the accident, Guthrie was in the course and scope of his employment with UPS. Guthrie’s vehicle was rear ended by a car driven by Breaux. Breaux was insured by
 
 *644
 
 American International Group (“AIG”). The vehicle owned by UPS was insured by Liberty Mutual Insurance Company.
 

 On July 31, 2007, Guthrie filed a Petition for Damages naming Breaux, AIG, and Liberty Mutual as defendants. Guthrie later amended his petition to replace AIG with New Hampshire Indemnity, as Breaux’s insurer. Guthrie claimed his damages are in excess of the liability limits of Breaux’s liability policy, so he claims he is entitled to damages from Liberty Mutual under the uninsured/underinsured motorist coverage.
 

 Liberty Mutual filed an Answer on October 11, 2007 arguing no uninsured/underin-sured coverage under the UPS policy. Liberty Mutual also filed a motion for summary judgment on March 19, 2008. Liberty Mutual argues it did 13not provide UM coverage for UPS because the corporate representative of UPS, Pat Powers the corporate risk manager, executed a valid and enforceable rejection form which completely rejected UM bodily injury coverage.
 

 On April 8, 2008, Guthrie filed an opposition to the motion for summary judgment, as well as a cross motion for summary judgment. Guthrie argues the rejection form was not properly completed, therefore, there is UM coverage on the UPS vehicle equal to the bodily injury liability coverage. Guthrie argues the legal representative of UPS, Pat Powers, did not print his name on the UM coverage rejection form when it was signed, as required by La. R.S. 22:680 and
 
 Duncan v. U.S.A.A. Insurance Company,
 
 2006-363 (La.11/29/06), 950 So.2d 544. Guthrie argues that since the form was not a valid rejection, UM coverage exists under this policy.
 

 The trial court held a hearing on both motions for summary judgment on April 22, 2008. The trial court executed a Judgment on April 30, 2008, granting summary judgment in favor of Liberty Mutual, dismissing all claims against it with prejudice. The cross motion for summary judgment by Guthrie was denied.
 

 Guthrie now appeals this judgment. For the reasons which follow, we affirm the trial court’s judgment granting Liberty Mutual’s motion for summary judgment and denying Guthrie’s cross motion for summary judgment.
 

 DISCUSSION
 

 On appeal, Guthrie argues two assignments of error. Guthrie argues that the trial court erred in granting Liberty Mutual’s motion for summary judgment and the trial court erred in denying the cross motion for summary judgment he filed. Both motions dealt with the validity of the UM coverage rejection form. Therefore, the only issue before this Court on appeal is whether or not the UM | coverage rejection form completed by UPS’s corporate representative, Pat Powers, was valid and enforceable.
 

 La. R.S. 22:680 governs the issuance of uninsured motorist coverage in Louisiana. La. R.S. 22:680(l)(a)(ii) provides, in part, as follows:
 

 Such rejection, selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance. The prescribed form shall be provided by the insurer and signed by the named insured or his legal representative. The form signed by the named insured or his legal representative which initially rejects such coverage, selects lower limits, or selects economic-only coverage shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether phys
 
 *645
 
 ically attached thereto. A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage. The form signed by the insured or his legal representative which initially rejects coverage, selects lower limits, or selects economic-only coverage shall remain valid for the life of the policy and shall not require the completion of a new selection form when a renewal, reinstatement, substitute, or amended policy is issued to the same named insured by the same insurer or any of its affiliates.
 

 [[Image here]]
 

 The Louisiana Supreme Court has addressed the issue of the validity of UM rejection forms and has provided further explanation of the statutory requirements of these rejections forms. In
 
 Duncan v. U.S.A.A.,
 
 supra, the Louisiana Supreme Court found that the statute, La. R.S. 22:680, only requires three things: 1) that the rejection or selection be made on a form prescribed by the commissioner of insurance, 2) that the form be provided by the insurer, and 3) that the form be signed by the named insured or his legal representative. The Louisiana Supreme Court went on to find that the form prescribed by the commissioner of insurance requires six things: 1) initialing the selection or rejection of coverage chosen, 2) if limits lower than the policy limits are chosen, then filling in the amount of coverage selected for each person and each accident, 3) printing the name of the name insured or legal representative, 4) signing the name of the name insured or legal representative, 5) filling in the policy number, and 6) filling in the date.
 

 IsThe Supreme Court in
 
 Duncan
 
 found that the form drafted by the commissioner of insurance requires these six tasks, even though the statute only requires three. The Supreme Court held that all six tasks are required to validly reject UM coverage. In
 
 Duncan,
 
 the Supreme Court ultimately held the rejection form to be invalid, but only because of the failure of the insured to fill in the policy number on the form.
 

 The issue in this case is the printing of the insured’s name on the form. On the waiver form in this case, the policy number and the named insured’s name, United Parcel Service, was typed onto the form. Pat Powers, as legal representative and corporate risk manager of UPS, signed and dated the form and initialed the box indicating UPS did not want UMBI coverage. The policy number and the named insured had already been typed in the appropriate spaces when Powers signed the form.
 

 We find the waiver form executed by Powers is a valid waiver of UM coverage in this case. We further find the completed form meets the requirements of the statute, as well as the six tasks outlined in
 
 Duncan.
 
 Pat Powers’ name was not printed on the form, however, the named insured, United Parcel Service, was printed on the form. In
 
 Duncan,
 
 the Louisiana Supreme Court stated one of the required items to be placed on the form is the printing of the name of the insured or the legal representative. La. R.S. 22:680 requires the form to be signed by the named insured or legal representative. In this case, the named insured is UPS, but the form was signed by the legal representative, Pat Powers. In
 
 Duncan,
 
 the Supreme Court did not find that the named insured and the legal representative’s name must be printed. Only one or the other must be printed.
 

 The named insured in this case is a corporation, therefore, the form must be signed by the legal representative. We
 
 *646
 
 find there is no requirement that the | (¡individual legal representative’s name be printed on the form, in addition to the printed name of the insured corporation. In this case, the named insured, United Parcel Service, was printed on the form and we find this meets the statutory requirements of La. R.S. 22:680, as well as those set forth in
 
 Duncan.
 

 Accordingly, we find the trial court correctly granted summary judgment in favor of Liberty Mutual, finding the UMBI waiver form to be valid and dismissing all claims against it, and correctly denied Guthrie’s cross motion for summary judgment.
 

 AFFIRMED.